THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| ROBERT ANDREW MULLINS, <br><br> Plaintiff, <br><br> v. <br><br> UNITED STATES OF AMERICA, <br><br> Defendant. | **MEMORANDUM DECISION &** <br> **DISMISSAL ORDER** <br><br> Case No. 4:21-cv-00057-DN <br><br> District Judge David Nuffer |

Plaintiff Robert Andrew Mullins, an inmate at the Sanpete County Jail, filed a *pro se* complaint.[1] Plaintiff was allowed to proceed *in forma pauperis*.[2]

Plaintiff filed two motions: a Motion to Seal Case Files ("Motion to Seal")[3] and a Motion to Take Leave to Amend Complaint ("Motion to Amend").[4] The Motion to Amend includes a proposed amended complaint.[5] The Motion to Amend is GRANTED, and the proposed amended complaint is now the operative Complaint.[6]

The Complaint names one defendant, the United States of America ("USA").[7] Plaintiff asserts in his Complaint that on or about June 11, 2008,[8] Federal Agent Bob Stokes ("Agent

---

[1] Docket no. 4, filed May 24, 2021.

[2] Order, docket no. 3, filed May 24, 2021.

[3] Docket no. 9, Jun. 7, 2021.

[4] Docket no. 7, filed Jun. 8, 2021.

[5] Docket no. 7-1, filed Jun. 8, 2021.

[6] Docket no. 7-1, filed Jun. 8, 2021.

[7] Complaint at 1.

[8] *Id.* ¶ 9 at 3.

Stokes") instructed an Inovar employee to use certain software, which the Inovar employee "did not have jurisdictional license to operate" and download "images of child pornography" onto "account named Bob Mullins."[9] The Inovar employee allegedly then downloaded the images on a CD and gave the CD to Agent Stokes.[10] Plaintiff further asserts that the Inovar employee "signed a statement that he indeed did do such on or about June 11, 2008"[11] and that Agent Stokes "delivered the signed statement" of the Inovar employee to the Cache County Attorney along with the pornographic images "with instructions to [Cache County Attorney] to withhold the exculpatory statement of [the Inovar employee]."[12] These actions allegedly resulted in Plaintiff being criminally charged in 2009[13] in the First District Court of Cache County in Utah, case number 091101668.[14] Plaintiff further alleges that the exculpatory statement by the Inovar employee was later found by "Post Conviction Relief Attorney David Perry" when he was assigned to Plaintiff's case in March 2016 and requested "all files from the Utah Board of Pardons."[15]

Plaintiff sets forth his claims as allegations that his constitutional rights were violated, specifically under the "Fourth Amendment Due Process Clause, Bill of Rights Amendments 5 and 6."[16] He details these claims by alleging Agent Stokes, "acting in duplicity to commit a

---

[9] *Id*. ¶ 5 at 2.

[10] *Id*. ¶¶ 6–7 at 2.

[11] *Id*. ¶ 5 at 2.

[12] *Id*. ¶ 8 at 3.

[13] *Id*. ¶ 9 at 4.

[14] *Id*. ¶ 9 at 3.

[15] *Id*. ¶ 9 at 4.

[16] *Id*. ¶ 9 at 3.

crime with Cache County Attorney . . . did knowingly and willfully withhold exculpatory evidence of signed statement of [Inovar employee] downloading child pornography and 150 Federal Contracts onto Inovar Inc.'s computer server account labeled 'Bob Mullins' . . . and did thereby conspire to file charges" against Plaintiff "and did not place in discovery . . . [the Inovar employee's] statement of said acts."[17] Plaintiff appears to be accusing Agent Stokes of violating his Due Process rights by falsifying evidence against him, but Agent Stokes is not listed as a defendant.

To summarize, Plaintiff requests numerous forms of relief, including: "removing [sic] all fabricated evidence and all unlawful evidence presented by [Agent Stokes];"[18] "the court order the U.S. Attorney General to have the United States of America assume liability, risk, damages to [Plaintiff];"[19] "the court order the U.S. Attorney General produce a list of all conspirators;"[20] the court to order the U.S. Attorney General to provide information associated with "the 150 federal contracts, and the Qui Tam complaint filed in Minnesota, of the U.S. Governments participation in the same;"[21] and money damages.[22]

Given Plaintiff's assertion of violations of his constitutional rights, the Court construes the Complaint as an action under *Bivens v. Six Unknown Named Agents of Federal Bureau of*

---

[17] *Id*. ¶ 9 at 3.

[18] *Id*. ¶ 11 at 5.

[19] *Id*. ¶ 12 at 5.

[20] *Id*. ¶ 13 at 5.

[21] *Id*. ¶ 17 at 6.

[22] *Id*. at 6.

*Narcotics*.[23] In a *Bivens* action, a plaintiff may seek damages when a federal officer acting in the color of federal authority violates the plaintiff's constitutional rights.[24]

The Complaint, screened under the statutory review function,[25] is dismissed for failure to state a claim upon which relief may be granted.

## ANALYSIS

### I. Standard for Sufficiency of a Complaint

When deciding whether a complaint states a claim upon which relief may be granted, a court takes all well-pleaded factual statements as true and regards them in a light most favorable to the plaintiff.[26] Dismissal is fitting when, viewing those facts as true, a court sees that the plaintiff has not posed a "plausible" right to relief.[27] The burden is on the plaintiff to frame a 'complaint with enough factual matter (taken as true) to suggest' that he or she is entitled to relief."[28] When a civil rights complaint contains "bare assertions," involving "nothing more than

---

[23] 403 U.S. 388 (1971).

[24] *See Bivens*, 403 U.S. at 389; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 675-76 (2009) (stating *Bivens* actions are "federal analog" to § 1983 actions).

[25]The screening statute reads:
> (a) Screening.—The court shall review . . . a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) Grounds for dismissal.—On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint—
>> (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
>> (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A (2021).

[26] *Ridge at Red Hawk L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007).

[27] *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)*; Robbins v. Oklahoma*, 519 F.3d 1242, 1247-48 (10th Cir. 2008).

[28] *Robbins*, 519 F.3d at 1247 (quoting *Twombly*, 550 U.S. at 556).

a 'formulaic recitation of the elements' of a constitutional . . . claim," a court considers those assertions "conclusory and not entitled to" an assumption of truth.[29] In other words, "the mere metaphysical possibility that *some* plaintiff could prove *some* set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims."[30]

A court construes *pro se* "'pleadings liberally,' applying a less stringent standard than is applicable to pleadings filed by lawyers. Th[e] court, however, will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf."[31] The Tenth Circuit holds that, if the pleadings can reasonably be read "to state a valid claim on which the plaintiff could prevail, [they should be read] so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements."[32] Still, "the proper function of the district court [is not] to assume the role of advocate for the pro se litigant."[33] Dismissing the complaint "without affording the plaintiff notice or an opportunity to amend is proper only 'when it is patently obvious that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile.'"[34]

---

[29] *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1951 (2009) (quoting *Twombly*, 550 U.S. at 554-55).

[30] *Red Hawk*, 493 F.3d at 1177 (italics in original).

[31] *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citations omitted).

[32] *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[33] *Id.*; *see also Peterson v. Shanks*, 149 F.3d 1140, 1143 (10th Cir. 1998) (citing *Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989) (per curiam)).

[34] *Curley v. Perry*, 246 F.3d 1278, 1281-82 (10th Cir. 2001) (quoting *Hall*, 935 F.2d at 1110 (additional quotation marks omitted)).

### II. An Affirmative Link Between Defendant and Claims is Not Present and the USA Cannot be a Defendant in a *Bivens* Action

The complaint must clearly state what each individual defendant did to violate Plaintiff's civil rights.[35] "To state a claim, a complaint must 'make clear exactly *who* is alleged to have done *what* to *whom*.'"[36]

Under these guidelines, Plaintiff has done nothing to affirmatively link Defendant USA to his claims. Plaintiff's allegations involve Agent Stokes, an Inovar employee, and the Cache County attorney. It appears the USA is the defendant because Plaintiff seeks damages from the USA[37] and for the USA to admit liability for Plaintiff's imprisonment.[38]

However, even if Plaintiff had clearly stated what the USA did to violate Plaintiff's civil rights, "*Bivens* claims cannot be asserted directly against . . . the United States."[39] Plaintiff would have to amend his Complaint to substitute defendants against whom *Bivens* claims may be asserted. However, his Complaint is also time barred.

### III. Any *Bivens* Claim is Barred by the Four-Year Limitations Period.

Even if Plaintiff alleged any cognizable claims against a viable defendant, they would be barred by the four-year statute of limitations found in Utah Code section 78B-2-307(3) (2021). *Bivens* actions are governed by the statute of limitations generally applicable to personal-injury actions in the state where the claims arose.[40] Because Plaintiff's action arose in Utah, the four-

---

[35] *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976) (stating personal participation of each defendant is essential allegation).

[36] *Stone v. Albert*, No. 08-2222, slip op. at 4 (10th Cir. July 20, 2009) (unpublished) (emphasis in original) (quoting *Robbins v. Oklahoma*, 519 F.3d 1242, 1250 (10th Cir. 2008)).

[37] Complaint ¶¶ 15–16 at 6.

[38] *Id*. ¶ 19 at 7.

[39] *Smith v. United States*, 561 F.3d 1090, 1093 (10th Cir. 2009).

[40] *Indus. Constructors Corp. v. U. S. Bureau of Reclamation*, 15 F.3d 963, 968 (10th Cir. 1994).

year statute of limitations for personal injury in § 78B-2-307(3) applies to bar any *Bivens* cause of action.[41]

The issue of when a federal cause of action accrues is controlled by federal law.[42] "The statute of limitations begins to run when the plaintiff knows or has reason to know of the existence and cause of the injury which is the basis of his action."[43] A plaintiff has "reason to know" of his injury when he should have discovered the existence and cause of his injury through the exercise of reasonable diligence.[44] "A plaintiff need not know the full extent of his injuries before the statute of limitations begins to run."[45] Plaintiff's claims as to Agent Stokes's actions--around June 11, 2008 to December 2009--clearly accrued long before the four years immediately preceding this action's filing in 2021. Thus, any *Bivens* claim is barred as untimely.

### IV. Some of Plaintiff's Requested Remedies are Habeas Oriented.

Plaintiff's requests--to remove allegedly fabricated and unlawful evidence from his state criminal case;[46] to cleanse all files associated with Plaintiff;[47] and to provide a letter of release[48]--are the kinds of requests that could be granted only based upon a valid habeas-corpus petition asking that Plaintiff's criminal conviction be overturned.[49] Such requests are inappropriate in this *Bivens* action.

---

[41] *Van Tu v. Koster*, 364 F.3d 1196, 1199 (10th Cir. 2004).

[42] *Indus. Constructors Corp.*, 15 F.3d at 968-69.

[43] *Id.* at 969 (citing *United States v. Kubrick*, 444 U.S. 111, 121 (1979)).

[44] *Id.* (citing *Ohio v. Peterson, Lowry, Rall, Barber & Ross*, 651 F.2d 687, 692 (10th Cir. 1981)).

[45] *Id.*

[46] Complaint ¶ 11 at 5.

[47] *Id*. ¶ 18 at 6.

[48] *Id*. ¶ 14 at 5.

[49] *See* 28 U.S.C. § 2254 (2021).

### V. Motion to Seal is Denied.

In Plaintiff's Motion to Seal, he asks for this case to be sealed because "amended complaint filed (last week) contains information on Qui Tam filed last week in U.S. Dist. Court, District of Minnesota, and a dismissed qui tam action in Utah," which "[have] critical investigatory and informant information for False Claims Act 31 USC § 3729."[50]

"Court records are presumptively open to the public" and "the sealing of civil cases is highly discouraged."[51] Actions filed under the False Claims Act are sealed for a minimum of 60 days,[52] but Plaintiff's Complaint in this action does not allege False Claims Act violations.[53] Because Plaintiff has not identified "the statute, rule, case law, or other basis permitting the court to seal the case,"[54] the Motion to Seal is DENIED.

---

[50] Motion to Seal 1.

[51] DUCivR 5-2(a).

[52] DUCivR 5-2(b).

[53] The only relevant allegations in the complaint regarding a False Claims Act claim are allegations that the Inovar employee was also "instructed by Inovar, Inc. CFO to download 150 corporate contracts onto said account for "Bob Mullins," Complaint ¶ 6 at 2, and a request for the court to "order the U.S. Attorney General provide information . . . associated with the 150 Federal Contracts, and the Qui Tam complaint filed in Minnesota, of the U.S. Government's participation on the same." Complaint ¶ 17 at 6.

[54] DUCivR 5-2(c)(2).

**ORDER**

**IT IS ORDERED** that:

(1) Plaintiff's motion to amend his complaint is **GRANTED**.[55] The Clerk of Court shall file the proposed amended complaint,[56] as the Amended Complaint.

(2) Plaintiff's Amended Complaint[57] is **DISMISSED** with prejudice, under 28 U.S.C. § 1915(e)(2)(B) (2021), for failure to state a claim upon which relief may be granted.

(3) Plaintiff's Motion to Seal[58] is **DENIED**.

The clerk is directed to close the action.

DATED this 31st day of January, 2022.

BY THE COURT:

Judge David Nuffer
United States District Court

---

[55] Docket no. 7, filed Jun. 8, 2021.

[56] Docket no. 7-1, filed Jun. 8, 2021.

[57] *Id*.

[58] Docket no. 9, filed Jun. 7, 2021.